IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARCEL ANTONIO BLACKWELL,

    Petitioner,

v.                                            Civil Action No. 3:08cv784

PATRICIA STANSBERRY,

    Respondent.

## MEMORANDUM OPINION

Petitioner Marcel Blackwell, a federal prisoner proceeding *pro se*, brought a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 alleging miscalculation of his sentence. In her Motion to Dismiss (Docket No. 4), the Respondent contends Blackwell cannot receive credit for jail time previously applied to his concurrent state sentence. Blackwell responded, and the motion is ripe for adjudication.

### I. Procedural and Factual Background

1. On October 21, 2003, state authorities in Richmond County, Georgia, arrested Blackwell for possession of marijuana with intent to distribute and possession of cocaine with intent to distribute. (Pet. 3.)

2. In March 2004 Blackwell was released on bond from the Richmond County jail with his October 21, 2003 drug charges pending (no specific date was given). (Pet. 3.)

3. On February 23, 2005, Georgia state authorities arrested Blackwell on animal cruelty, firearms, and stolen property charges. (Respt.'s Mot. Dismiss Ex. 1 ¶ 8(A).) On December 16, 2005, state authorities moved to nolle prosequi these charges. (Respt.'s Mot. Dismiss Ex. 1 Attach. F.)

4. On May 20, 2005, Blackwell's state drug charges from October 21, 2003, were reduced to misdemeanor possession of marijuana. (Pet. 3.)

5. On June 1, 2005, the United States Marshals Service ("USMS") acquired Blackwell from state authorities on loan under a writ of habeas corpus. (Respt.'s Mot. Dismiss 2.)

6. On December 8, 2005, in the United States District Court for the Southern District of Georgia, Blackwell pleaded guilty to possession of a firearm and ammunition by a convicted felon. (Respt.'s Mot. Dismiss Ex. 1 Attach C.) The court sentenced Blackwell to a 72-month term of imprisonment but was silent as to the relationship of this sentence to any pending state sentence. (Respt.'s Mot. Dismiss 2.)

7. On December 16, 2005, the USMS returned Blackwell to state authorities. (Respt.'s Mot. Dismiss 2.) Also on December 16, 2005, state authorities moved to nolle prosequi the state charges for cruelty to animals, and firearms and ammunition possession by a convicted felon. (Respt.'s Mot. Dismiss Ex. 1 Attach. F.)

8. On January 13, 2006, the Superior Court of Richmond County, Georgia, sentenced Blackwell to a 12-month term for possession of marijuana. The state court judge also ordered credit for time served, and stipulated that his state sentence run concurrently with his federal prison term. (Respt.'s Mot. Dismiss 2-3.)

9. On February 16, 2006, as a result of Georgia authorities granting Blackwell 360 days credit for jail time served between February 23, 2005, and February 17, 2006, Blackwell satisfied his state sentence. (Respt.'s Mot. Dismiss Ex. 1 Attach E.) Nothing in the record indicates whether state authorities considered Blackwell's jail time from October 21, 2003, to March 2004 in their calculation of his sentence.[1]

9. On February 17, 2006, the state relinquished custody to the USMS. Also on this date and upon his receipt into federal custody, the Bureau of Prisons ("BOP") deemed Blackwell's federal sentence to have commenced for purposes of computing his sentence. (Respt.'s Mot. Dismiss 3.)

10. On July 24, 2008, Blackwell filed an appeal with the BOP requesting credit toward his federal sentence for time spent in state custody. (Pet. Ex. 1.)

11. On September 19, 2008, BOP officials denied a *nunc pro tunc*[2] designation of the state prison facility as Blackwell's place of imprisonment in service of his federal sentence. (Respt.'s Mot. Dismiss 3.) In considering his administrative appeal, BOP officials conducted an analysis of factors pursuant to 18 U.S.C. § 3621(b) ("Section 3621 factors").[3] In so doing, they weighed the nature and circumstances of his offense, his criminal history and characteristics, a statement from the federal trial judge who imposed his sentence, and the refusal of the sentencing court to

---

[1] Blackwell has not raised this issue as a basis for relief in this § 2241 petition or in his administrative request for relief filed with BOP.

[2] *Barden v. Keohane*, 921 F.2d 476, 478 n.2 (3d Cir. 1990) ("The Latin phrase *nunc pro tunc* describes a doctrine that permits acts to be done after the time they should have been done with a retroactive effect – a Latin term meaning literally, 'now for then.'").

[3] The Section 3621 factors include: the resources of the facility contemplated, the nature and circumstances of the offense, the prisoner's criminal history and characteristics, any statement from the sentencing court, and policies issued by the Sentencing Commission. 18 U.S.C. § 3621(b).

order concurrent service for Blackwell's federal and state sentences. (Respt.'s Mot. Dismiss Ex. 1 Attach. I.) This action exhausted Blackwell's administrative remedies. (Respt.'s Mot. Dismiss Ex. 1 ¶ 6.)

12. On October 27, 2008, Blackwell filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[4]

## II. Analysis

The BOP awards jail credit in accordance with the provisions of 18 U.S.C. § 3585, which provides:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is *received in custody* awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). Accordingly, this court must determine when Blackwell's sentence "commenced" within the meaning of § 3585(a).

Commencement of a federal sentence begins when "[a prisoner is] received at the federal penitentiary for service of those sentences . . . ." *Thomas v. Whalen*, 962 F.2d 358, 359 (4th Cir.

---

[4] Blackwell invokes 28 U.S.C. § 2241(c)(2) in support of his allegation that the Bureau of Prisons violated 18 U.S.C. § 3585(b) when it failed to include time spent on loan to the United States Marshall Service in calculation of his sentence. (Pet. 3.)

1992). The court which first gains jurisdiction holds sovereignty unless and until executive action under comity doctrine relinquishes it. *See Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922). "[T]he sovereign which first arrests an individual acquires priority of jurisdiction for . . . trial, sentencing, and incarceration." *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980); *see In re Liberatore*, 574 F.2d 78, 89 (2d Cir. 1978); *United States v. Smith*, 812 F. Supp. 368, 371 (E.D.N.Y. 1993). Therefore, because Georgia state authorities arrested Blackwell, the state of Georgia held sovereignty and priority of jurisdiction over him.

Subsequent to his arrest by state authorities, USMS borrowed Blackwell pursuant to a writ of habeas corpus. This loan did not interrupt Georgia's legal standing as Blackwell's custodian. "A prisoner is not even in custody . . . when he appears in federal court pursuant to a writ; . . . he is merely 'on loan' to federal authorities." *Thomas*, 962 F.2d at 361 n.3; *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998); *Crawford v. Jackson*, 589 F.2d 693, 695 (D.C. Cir. 1978); *In re Liberatore*, 574 F.2d at 89. Georgia's sovereignty over Blackwell continued until February 17, 2006, at which time state authorities relinquished custody to the USMS. (Respt.'s Mot. Dismiss Ex. 1 ¶ 8(H).) Blackwell's federal sentence therefore "commenced" on February 17, 2006.

Blackwell argues that BOP must grant him credit for time served in state custody because the state trial court ordered that his state sentence be served concurrently with his federal sentence. This argument fails because "such a determination is not binding on federal authorities." *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005). In the United States' federal system "The principle of dual sovereignty holds that separate jurisdictions . . . cannot control the manner in which another jurisdiction administers its criminal justice system." *Jones*

5

*v. Wallace*, No. 7:07Cv00106, 2007 WL 2287884, *4 (W.D. Va. Aug. 6, 2007) (*citing Piercy v. Black*, 801 F.2d 1075, 1078 (8th Cir. 1986)). Because Georgia obtained primary jurisdiction over Blackwell upon his February 23, 2005 arrest, his state sentence can be credited against his federal sentence only if BOP decides a *nunc pro tunc* designation would be appropriate.

18 U.S.C. § 3621(b), provides that BOP has discretion to make such *nunc pro tunc* designations. *Barden v. Keohane*, 921 F.2d 476, 482-83 (3d Cir. 1990); *McCollough v. O'Brien*, No. 7:06Cv00712, 2007 WL 2029308, at *2 n.2 (W.D. Va. July 10, 2007). According to 18 U.S.C. § 3621(b), the BOP "shall designate the place of the prisoner's imprisonment"[5] after consideration of the section 3621 factors: the resources of the facility contemplated, the nature and circumstances of the offense, the prisoner's criminal history and characteristics, any statement from the sentencing court, and policies issued by the Sentencing Commission.[6]

Blackwell's request would require the BOP to designate the state prison facility as his place of imprisonment for purposes of calculating his federal sentence. *See Evans*, 159 F.3d at 911-12; *Barden*, 921 F.2d at 481-82. BOP denied Blackwell's petition based on the nature and circumstances of the instant offense, Blackwell's extensive criminal history and characteristics, opposition of the sentencing court, and because the federal court did not order concurrent service. (Respt.'s Mot. Dismiss Ex. 1 Attach. I.) This Court finds no error in the BOP's discretionary determination that, under Section 3621, a *nunc pro tunc* designation was not appropriate in

---

[5] "The Bureau may designate any available penal or correctional facility . . ." 18 U.S.C. § 3621(b).

[6] The Sentencing Commission publishes "general policy statements regarding application of the [sentencing] guidelines or any other aspect of sentencing or sentence implementation . . . ." 28 U.S.C. § 994(a)(2).

Blackwell's case.[7] (Respt.'s Mot. Dismiss Ex. 1 Attach. I.); *cf. Trowell v. Beeler*, 135 F. App'x 590, 593 (4th Cir. 2005) (No. 04-6531), *available at* 2005 WL 1181858 (holding that because BOP officials deferred solely to the federal court's opposition to a *nunc pro tunc* designation, they failed to utilize the "wide latitude" of discretion granted by statute).

### III. Conclusion

Accordingly, Blackwell's claim to entitlement for time served in state custody toward his subsequent federal sentence lacks merit. For the foregoing reasons, the Respondent's Motion to Dismiss will be GRANTED. The Petition will be DENIED. The action will be dismissed.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond Virginia
Date: 7/6/09

---

[7] Additionally, 18 U.S.C. § 3585 (b)(2) explicitly bars granting Blackwell's *nunc pro tunc* designation because the time he seeks was already credited to his state sentence. (Respt.'s Mot. Dismiss 2-3.) *See United States v. Wilson*, 503 U.S. 329, 337 (1992) (holding that the "defendant could not receive a double credit for his detention time.").

7